1 | SEYFARTH SHAW LLP
Catherine M. Dacre (SBN 141988)
2 | cdacre@seyfarth.com
Andrew M. McNaught (SBN 209093)
3 | amcnaught@seyfarth.com
Emily E. Barker (SBN 275166)
4 | ebarker@seyfarth.com
560 Mission Street, 31st Floor
5 | San Francisco, California  94105
Telephone:     (415) 397-2823
6 | Facsimile:     (415) 397-8549

7 | Attorneys for Defendant
VARIOUS, INC. and
8 | FRIENDFINDER NETWORKS INC.

9

**ORIGINAL FILED**

JUN 2 8 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

ADR

12 | QUY DONG,                              Case No.

**CV 13-02992 HRL**

13

14 |                          Plaintiff,     UNLIMITED JURISDICTION

E-filing

v.

15 |                                         **DEFENDANTS VARIOUS, INC.'S AND
FRIENDFINDER NETWORKS INC.'S
16 | VARIOUS, INC.; FRIENDFINDER            NOTICE OF REMOVAL OF CIVIL
NETWORKS, INC.; and DOES 1 THROUGH       ACTION**
17 | 10, INCLUSIVE,
                                         [28 U.S.C. § 1446]
18 |                          Defendants.

19 |                                         Trial Date:          NONE SET
                                         Date Action Filed:   MAY 28, 2013
20 |                                         Summons/Complaint:   MAY 29, 2013

21 |        **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF
22 | RECORD:**

23 |        PLEASE TAKE NOTICE that Defendants VARIOUS, INC. and FRIENDFINDER

24 | NETWORKS INC. (collectively "Defendants") file this Notice of Removal pursuant to 28

25 | U.S.C. sections 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C.

26 | section 1331, to effect the removal of the above-captioned action from the Superior Court of

27 | California, County of Santa Clara.

28

**BACKGROUND**

1.     On May 28, 3013, Plaintiff QUY DONG ("Plaintiff") filed a Complaint against Defendants in the Superior Court of California, County of Santa Clara, entitled: *QUY DONG, v. VARIOUS, INC.; FRIENDFINDER NETWORKS, INC.; and  DOES 1-10, inclusive,* Case No. 113CV246959.

2.     Plaintiff's Complaint purports to allege claims for relief against Defendants stemming from Plaintiff's termination of employment with defendant Various, Inc.  Plaintiff bases her claims on, among other things, alleged violations by Defendants of the Family and Medical Leave Act ("FMLA") for alleged failure to grant FMLA leave, and alleged retaliation under the FMLA.  Plaintiff also asserts claims pursuant to the California Family Rights Act, Cal. Gov. Code § 12945.2, *et seq.* ("CFRA"), the California Fair Employment and Housing Act, Government Code §§12900 - 12996 ("FEHA"), and pleads a tort claim for Wrongful Termination in Violation of Public Policy.

**TIMELINESS OF REMOVAL**

3.     On May 29, 2013, Plaintiff served Defendants with the Summons and Complaint.

4.     This Notice of Removal is timely filed as it is filed within thirty (30) days of the service upon Defendants of a copy of the Summons and Complaint.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

**BASES FOR REMOVAL**

**FEDERAL QUESTION JURISDICTION**

5.     Plaintiff asserts claims under the FMLA, a federal statute codified at 29 U.S.C. sections 28, *et seq.* ("FMLA").  This action therefore presents a federal question over which this Court has original jurisdiction.  28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States).

6.     Plaintiff asserts the remainder of her claims under the CFRA, the FEHA, and California common law.  Plaintiff's claims under California law arise from her employment with

2

1    defendant Various, Inc., and are based on the same factual allegations as those underlying her

2    FMLA claims.  Therefore, the claims are so related that they form part of the same case or

3    controversy.  Accordingly, this Court has supplemental jurisdiction over all of Plaintiff's claims

4    pled under California law, pursuant to 28 U.S.C. section 1367(a).

5                                              **VENUE**

6            7.      Venue lies in the United States District Court for the Northern District of

7    California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84 (a).  This action originally was

8    brought in the Superior Court of the State of California, County Santa Clara and thus should be

9    removed to the San Jose Division of the Northern District of California per Northern District

10   Civil Local Rule 3-2 subsections (c) & (e).

11                                      **NOTICE OF REMOVAL**

12           8.      This Notice of Removal will be promptly served on Plaintiff and filed with the

13   Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

14           9.      In compliance with 28 U.S.C. section 1446(a), a copy of Plaintiffs' Summons and

15   Complaint, Civil Cover Sheet, Answer and all other process, pleadings, and orders served on

16   Defendants in the state court action are attached as **Exhibit A**.

17           WHEREFORE, Defendants pray that this civil action be removed from the Superior

18   Court of the State of California, County of Santa Clara to the United States District Court for the

19   Northern District of California, San Jose Division.

20
     DATED: June 28, 2013                          Respectfully submitted,
21
                                                   SEYFARTH SHAW LLP
22

23
                                                   By: _____
24
                                                        Catherine M. Dacre
25                                                      Andrew M. McNaught
                                                        Emily E. Barker
26                                                 Attorneys for Defendants
                                                   VARIOUS, INC. and
27                                                 FRIENDFINDER NETWORKS INC.

28   15785309v.1

                                                   3
     NOTICE OF REMOVAL BY DEFENDANTS VARIOUS, INC. AND FRIENDFINDER NETWORKS INC.

(ENDORSED)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VARIOUS, INC.; FRIENDFINDER NETWORKS, INC.; & DOES 1
THROUGH 10, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

QUY DONG

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

MAY 28 2013

David Yamasaki, Clerk of the Superior Court
County of Santa Clara

By
D. Wright
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Santa Clara<br>191 North First Street, San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso):*<br><br>1 1 3 C V 2 4 6 9 5 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sonya L. Smallets, Esq., Minnis & Smallets LLP, 315 Noe St., San Francisco, CA, 94114 p: (415) 551-0885

DATE: MAY 28 2013          DAVID H. YAMASAKI          Clerk, by _____, Deputy
*(Fecha)*                   Chief Executive Officer, Clerk   *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Various, Inc.

under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Sonya L. Smallets, Esq. (226190)
MINNIS & SMALLETS LLP
315 Noe Street
San Francisco, California 94114
TELEPHONE NO.: (415) 551-0883     FAX NO.: (415) 683-7157
ATTORNEY FOR (Name): Quy Dong

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Dong v. Various Inc., et al.

FOR COURT USE ONLY:
MAY 28 2013
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____ Deputy Clerk
Wrndel

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 113CV246959 |
| | | | JUDGE: |
| | | | DEPT: |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 9
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/23/2013
Sonya L. Smallets, Esq.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Sonya L. Smallets, Esq. (SBN226190)
Aaron P. Minnis, Esq. (SBN202935)
Sean D. McHenry, Esq. (SBN284175)
MINNIS & SMALLETS LLP
315 Noe Street
San Francisco, California 94114
T: (415) 551-0885
F: (415) 683-7157
E: sonya@minnisandsmallets.com

Attorney for Plaintiff
QUY DONG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA—UNLIMITED JURISDICTION

| | |
|---|---|
| QUY DONG, | Case No.: 113CV246959 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | (1) Violation of CRFA |
| | (2) Retaliation in Violation of CFRA |
| | (3) Violation of FMLA |
| | (4) Retaliation in Violation of FMLA |
| VARIOUS, INC.; FRIENDFINDER | (5) Disability Discrimination in Violation of FEHA |
| NETWORKS, INC.; & DOES 1 | (6) Failure to Provide Reasonable Accommodation in Violation of FEHA |
| THROUGH 10, INCLUSIVE, | (7) Failure to Engage in Interactive Process in Violation of FEHA |
| | (8) Retaliation in Violation of FEHA |
| | (9) Wrongful Termination in Violation of Public Policy |
| Defendants. | Jury Trial Demanded |

BY FAX

COMES NOW Plaintiff QUY DONG for causes of action, and alleges as follows:

-1-

# I. ALLEGATIONS

1.      Plaintiff QUY DONG ("Ms. Dong") is a former employee of FriendFinder Networks, Inc. and Various, Inc., who resides in Santa Clara County.

2.      Defendants VARIOUS, INC. and FRIENDFINDER NETWORKS, INC. ("Defendants") provide online dating and social networking services. Defendant Various, Inc. is incorporated in the state of California.  Defendant Various, Inc. is identified as plaintiff's employer on her W-2.  Defendant FriendFinder Networks, Inc. is incorporated in the state of Nevada. Defendant FriendFinder Networks, Inc. is identified as plaintiff's employer on personnel documents plaintiff was provided during her employment.

3.      Plaintiff worked for Defendants in Sunnyvale in Santa Clara County.  Defendants were plaintiff's employer.

4.      The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 are at this time unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave to amend this complaint to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby as alleged herein.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every co-defendant was and is the joint employer, predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of other co-defendant, and in doing the actions hereinafter mentioned, was and/or is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture or single

-2-

1  enterprise, and with the permission and consent of each co-defendant.
2  Plaintiff alleges that each of said defendants is responsible, jointly and
3  severally, for the events and injuries described herein and caused damages
4  thereby to plaintiff as alleged herein.

5       6.    Ms. Dong was hired by defendants in January of 2005 as a
6  Marketing Coordinator.  Over the next several years, she was promoted
7  several times, from Marketing Coordinator to Financial Analyst to Senior
8  Financial Analyst.  In January of 2012, she was promoted again, this time to
9  Operations Manager.  Throughout her employment, Ms. Dong received
10  excellent performance reviews.  She led several operational initiatives that
11  saved the company approximately one million dollars.  Her performance was
12  rewarded with multiple salary increases.  In May of 2012, she was given yet
13  another raise.

14       7.    In March 2012, defendants hired Renee Kemmerer as Corporate
15  Controller.  Ms. Dong reported directly to Ms. Kemmerer.

16       8.    Ms. Kemmerer created an abusive work environment.  For
17  example, Ms. Dong heard Ms. Kemmerer tell non-exempt employees who
18  reported to her that overtime work was not allowed and she would not
19  authorize it, but she expected them to stay at work off the clock to complete
20  the work that needed to be done.  In another instance, Ms. Kemmerer told
21  Ms. Dong that she suspected a colleague was an alcoholic.  Ms. Dong told
22  Ms. Kemmerer that she did not think that that was true, as Ms. Dong knew
23  that the colleague was diabetic and thus not supposed to drink alcohol.  Ms.
24  Kemmerer then told Ms. Dong that she was building a case to fire that
25  employee.  In yet another instance, Ms. Dong told Ms. Kemmerer that she
26  thought her year-old daughter was suffering an allergic reaction to an
27  antibiotic, with the intention of asking Ms. Kemmerer for permission to
28  leave work early to take care of her daughter.  Ms. Kemmerer, however,

-3-

1  dismissed Ms. Dong's concerns and told her to go back to her desk and get
2  back to work.

3      9.    By June 2012, Ms. Dong had witnessed enough incidents of
4  inappropriate conduct by Ms. Kemmerrer that she felt compelled to bring the
5  matter to the attention of Chief Executive Officer Anthony Previte.  Ms. Dong
6  told Mr. Previte that there were things going on at the company that could
7  be illegal.  By way of example, Ms. Dong told Mr. Previte that when she told
8  Ms. Kemmerrer that her daughter was ill, Ms. Kemmerrer brushed off her
9  concerns.  Ms. Dong told Mr. Previte that she did not know what she should
10  do to address the situation.

11      10.    Mr. Previte told Ms. Dong that he was not surprised to hear this,
12  as the executive management team had seen Ms. Kemmerrer engage in
13  inappropriate behavior.  Mr. Previte told Ms. Dong to "hang in there," as
14  management supposedly was working on a solution to the situation.  Mr.
15  Previte then emailed Myra Tallerico, the highest ranking human resources
16  official in defendants' California offices, and directed her to assist Ms. Dong.

17      11.    Instead of helping Ms. Dong, Ms. Tallerico – along with Carmela
18  Monti, Vice President of Human Resources, and Sophia Mankund, the
19  recently hired Consolidations Manager - called Ms. Dong into Ms. Tallerico's
20  office and proceeded to grill her for four hours about the contents of Mr.
21  Previte's email.  They repeatedly told her that she should have kept Ms.
22  Kemmerrer's "dirty laundry" to herself, rather than bringing it to the
23  attention of Mr. Previte.  Thereafter, Ms. Kemmerrer, Ms. Mankund, and Ms.
24  Tallerico falsely accused Ms. Dong of incompetence and misconduct on
25  several occasions, attempting to destroy her excellent reputation with senior
26  management.

27      12.    By early July of 2012, Ms. Dong was experiencing significant
28  depression and anxiety as a result of the way that she was being treated at

-4-

1   work.  She was unable to sleep.  She was experiencing great difficulty
2   concentrating.  Ms. Dong therefore sought treatment from her primary care
3   physician.  He instructed Ms. Dong to take time off work to enable her to
4   obtain treatment for anxiety and depression.

5        13.    Ms. Dong's physician provided Ms. Dong with a doctor's note to
6   give to her employer.  The note indicated that Ms. Dong was suffering from
7   work-related stress and that she was expected to be off work for
8   approximately one to two weeks.  Ms. Dong emailed the doctor's note to Ms.
9   Tallerico and to Chau Nguyen, Human Resources Generalist, that same day.
10  In the email, Ms. Dong told Ms. Tallerico and Ms. Nguyen that she
11  anticipated being out of work for two weeks, based on the advice she had
12  received from her doctor.

13       14.    In addition, on the same day, Ms. Dong's husband took a copy of
14  the doctor's note to defendants' Sunnyvale office, giving it to the
15  receptionist, to further ensure that they had received the note.  At the same
16  time, Ms. Dong's husband picked up the paperwork necessary for Ms. Dong
17  to file a workers' compensation claim, which Ms. Dong completed.

18       15.    On July 16, Ms. Dong had a follow-up appointment with her
19  physician.  During the appointment, he instructed Ms. Dong to take an
20  additional month of medical leave.

21       16.    That day, Ms. Dong received an email from Ms. Nguyen, asking
22  Ms. Dong if she would be returning to work on July 18.  Ms. Nguyen told Ms.
23  Dong that she needed to submit a doctor's note if she needed to be out for
24  additional time.  Ms. Nguyen specifically instructed Ms. Dong to submit the
25  doctor's note by emailing it to her or by fax.

26       17.    Ms. Dong responded to Ms. Nguyen later that day, sending her a
27  doctor's note taking her off work for an additional month.  Ms. Nguyen

28

-5-

COMPLAINT FOR DAMAGES

1   responded to Ms. Dong, confirming that she had received the note.  Ms.

2   Nguyen did not request any additional information from Ms. Dong.

3       18.    Two days later, Defendants sent Ms. Dong a letter, terminating

4   her employment for "excessive absenteeism."

5       19.    After her termination, Ms. Dong learned for the first time that

6   Tobi Wu, a human resources employee with whom Ms. Dong had had no

7   previous dealings regarding her medical leave, had emailed Ms. Dong an

8   FMLA application on July 5.  Ms. Wu's email was sent to Ms. Dong's spam

9   folder by her email program, so she did not see it.  Neither Ms. Nguyen –

10  who was copied on Ms. Wu's email and with whom Ms. Dong was actively in

11  communication – nor Ms. Tallerico ever told Ms. Dong that she needed to

12  complete any additional paperwork in order to take a medical leave.

13      20.    Plaintiff timely filed administrative charges with DFEH and

14  obtained her right to sue.

15      21.    Defendants' actions were undertaken for improper purposes as

16  alleged above and were willful, oppressive and in conscious disregard of

17  plaintiff's rights, and were designed and intended to cause and did, in fact,

18  cause plaintiff to suffer severe emotional distress, pain and suffering, and

19  substantial economic damage and, therefore, justify the awarding of

20  exemplary and punitive damages.

21      22.    The above allegations are incorporated by reference in each and

22  every cause of action stated below.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-6-

## II. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Violation of CFRA)

#### Against All Defendants

23.   Plaintiff was eligible for medical leave under the California Family Rights Act.

24.   Plaintiff requested leave for Plaintiff's own serious health condition that made her unable to perform the functions of her job.

25.   Plaintiff provided reasonable notice of her need for medical leave.

26.   Defendants refused to grant Plaintiff's request for medical leave.

27.   Plaintiff was harmed.

28.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

### SECOND CAUSE OF ACTION

#### (Retaliation in Violation of CFRA)

#### Against All Defendants

29.   Plaintiff was eligible for medical leave under the California Family Rights Act.

30.   Plaintiff requested medical leave.

31.   Defendants discharged Plaintiff.

32.   Plaintiff's request to take a medical leave motivated Defendants' decision to discharge Plaintiff.

33.   Plaintiff was harmed.

34.   Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

-7-

1

**THIRD CAUSE OF ACTION**

2

**(Violation of FMLA)**

3

**Against All Defendants**

4    35.    Plaintiff was eligible for medical leave under the Family and

5 Medical Leave Act.

6    36.    Defendants are employers covered by the FMLA.

7    37.    Plaintiff was entitled to leave under the FMLA.

8    38.    Plaintiff provided sufficient notice of her intent to take leave.

9    39.    Defendants denied her FMLA benefits to which she was entitled.

10

**FOURTH CAUSE OF ACTION**

11

**(Retaliation in Violation of FMLA)**

12

**Against All Defendants**

13    40.    Plaintiff was eligible for medical leave under the Family Medical

14 Leave Act.

15    41.    Plaintiff requested medical leave.

16    42.    Defendants discharged Plaintiff.

17    43.    Plaintiff's request to take a medical leave was a negative factor

18 in Defendants' decision to discharge Plaintiff.

19    44.    Plaintiff was harmed.

20

**FIFTH CAUSE OF ACTION**

21

**(Disability Discrimination in Violation of FEHA)**

22

**Against All Defendants**

23    45.    Defendants are employers within the meaning of FEHA.

24    46.    Plaintiff was an employee of Defendants.

25    47.    Plaintiff has a mental condition that limits her in a major life

26 activity, including working.

27    48.    Defendants knew of Plaintiff's disability.

28

-8-

COMPLAINT FOR DAMAGES

1    49.   Plaintiff was able to perform the essential functions of her job
2    with reasonable accommodations for her condition.

3    50.   Defendants terminated Plaintiff.

4    51.   Plaintiff's disability and her need for reasonable accommodations
5    was a substantial motivating reason in Defendants' decision to discharge
6    Plaintiff.

7    52.   Defendants' conduct was a substantial factor in causing Plaintiff's
8    harm.

9    **SIXTH CAUSE OF ACTION**

10   **(Failure to Provide Reasonable Accommodation in Violation of FEHA)**

11   **Against All Defendants**

12   53.   Defendants are employers within the meaning of FEHA.

13   54.   Plaintiff was an employee of Defendants.

14   55.   Defendants knew that Plaintiff has a mental condition that limits
15   her in a major life activity, including working.

16   56.   Plaintiff was able to perform the essential functions of her job
17   with reasonable accommodations for her condition.

18   57.   Defendants failed to provide reasonable accommodations for
19   Plaintiff's disability.

20   58.   Plaintiff was harmed.

21   59.   Defendants' failure to provide reasonable accommodations was
22   substantial factor in causing Plaintiff's harm.

23   **SEVENTH CAUSE OF ACTION**

24   **(Failure to Engage in Interactive Process in Violation of FEHA)**

25   **Against All Defendants**

26   60.   Defendants are employers within the meaning of FEHA.

27   61.   Plaintiff was an employee of Defendants.

28   62.   Plaintiff has a mental disability that was known to Defendants.

-9-

1    63.    Plaintiff requested that Defendants make reasonable
2  accommodations of her disability so that she would be able to perform the
3  essential functions of her job.

4    64.    Plaintiff was willing to participate in an interactive process to
5  determine whether reasonable accommodations could be made.

6    65.    Defendants failed to participate in a timely good faith interactive
7  process.

8    66.    Plaintiff was harmed.

9    67.    Defendants' failure to engage in a good faith interactive process
10  was a substantial factor in causing Plaintiff's harm.

11  **EIGHTH CAUSE OF ACTION**

12  **(Retaliation in Violation of FEHA)**

13  **Against All Defendants**

14    68.    Defendants are employers within the meaning of FEHA.

15    69.    Plaintiff was an employee of Defendants.

16    70.    Plaintiff opposed discriminatory activity that she reasonably
17  believed to be unlawful under FEHA.

18    71.    Defendants terminated Plaintiff.

19    72.    Plaintiff's opposition to activity she reasonably believed to be
20  discriminatory was the motivating reason for Defendants' decision to
21  terminate Plaintiff.

22    73.    Plaintiff was harmed.

23  **NINTH CAUSE OF ACTION**

24  **(Wrongful Termination in Violation of FEHA)**

25  **Against All Defendants**

26    74.    Plaintiff was employed by Defendants.

27  ///

28  ///

-10-

75.   Defendants terminated Plaintiff because she exercised her rights under FEHA to request accommodation for a mental disability, and under CFRA and FMLA to request and take medical leave.

76.   Said termination violated fundamental public policy, as reflected in FEHA, CFRA, and FMLA.

77.   The termination caused Plaintiff harm.

### III. PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks relief as follows:

For First, Second, Fifth, Sixth, Seventh, & Eighth Causes of Action:

Economic damages;

Non-economic damages for pain, suffering and emotional distress;

Exemplary damages;

Legal interest;

Injunctive relief;

Statutory attorney's fees;

Costs of suit; and

Such other relief as the court deems just.

For the Third & Fourth Causes of Action:

Economic damages;

Legal interest;

Liquidated damages in an amount equal to the sum of the economic damages and legal interest;

Equitable relief;

Statutory attorney's fees;

Expert witness fees;

Costs of suit; and

Such other relief as the court deems just.

-11-

For the Ninth Cause of Action:

    Economic damages;

    Non-economic damages for pain, suffering and emotional distress;

    Exemplary damages;

    Legal interest;

    Costs of suit; and

    Such other relief as the court deems just.


**DATED:** May 24, 2013

By:_____
      AARON P. MINNIS, ESQ.

      Attorney for Plaintiff
      QUY DONG

-12-

COMPLAINT FOR DAMAGES

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

113CV246959

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule11toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Honorable Peter Kirwan _____ *Department:* ___8___

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

Date: **SEP 2 4 2013** _____ Time: **3:00 PM** in Department: __8__

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08                    **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
      < The parties want a non-adversary procedure
      < The parties have a continuing business or personal relationship
      < Communication problems are interfering with a resolution
      < There is an emotional element involved
      < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
      < The parties are far apart in their view of the law or value of the case
      < The case involves a technical issue in which the evaluator has expertise
      < Case planning assistance would be helpful and would save legal fees and costs
      < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    < The parties have complex facts to review
    < The case involves multiple parties and problems
    < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court                      Santa Clara County DRPA Coordinator
ADR Administrator                                         408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/08

1    SEYFARTH SHAW LLP
     Catherine M. Dacre (SBN 141988)
2    cdacre@seyfarth.com
     Andrew M. McNaught (SBN 209093)
3    amcnaught@seyfarth.com
     Emily E. Barker (SBN 275166)
4    ebarker@seyfarth.com
     560 Mission Street, 31st Floor
5    San Francisco, California  94105
     Telephone:    (415) 397-2823
6    Facsimile:     (415) 397-8549

7    Attorneys for Defendants
     VARIOUS, INC. and
8    FRIENDFINDER NETWORKS INC.

9
                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                            COUNTY OF SANTA CLARA
11

12
     QUY DONG,                          Case No. 113CV246959
13
                  Plaintiff,            UNLIMITED JURISDICTION
14
          v.                            **DEFENDANT VARIOUS, INC.'s AND**
15                                      **FRIENDFINDER NETWORKS INC.'s**
     VARIOUS, INC.; FRIENDFINDER        **ANSWER TO PLAINTIFF'S**
16   NETWORKS, INC.; and DOES 1 THROUGH **UNVERIFIED COMPLAINT**
     10, INCLUSIVE,
17                                      Trial Date:  NONE SET
                  Defendants.           Date Action Filed:  MAY 28, 2013
18

19        VARIOUS, INC. and FRIENDFINDER NETWORKS INC. ("Answering Defendants")

20   hereby submit their Answer to plaintiff QUY DONG's ("Plaintiff") Complaint for Damages, as

21   follows:

22                              **GENERAL DENIAL**

23

24        Pursuant to California Code of Civil Procedure section 431.30(d), Answering Defendants

25   generally deny each and every allegation in the Complaint.  In further answer to the Complaint,

26   Answering Defendants deny that Plaintiff has suffered any injury, damage, or loss in any nature

27   or manner whatsoever by reason of any act or omission of Answering Defendants, or any of

28   them.

     DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT - CASE NO. 113CV246959

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

**(Failure to State Claim for Relief – All Causes of Action)**

The Complaint fails to state a claim upon which relief may be granted against Answering Defendants.

### SECOND SEPARATE DEFENSE

**(Statute of Limitations – All Causes of Action)**

Each of Plaintiff's claims as set forth in the Complaint is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 337(1), 338, 339(1), and California Government Code sections 12940, 12960 and 12965, *et seq.*, all other statutes of limitations in Code of Civil Procedure §§ 337-343 *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. Section 2617(c).

### THIRD SEPARATE DEFENSE

**(Good Cause – All Causes of Action)**

Each of Plaintiff's claims as set forth in the Complaint is barred because Answering Defendants had good cause for their conduct.

### FOURTH SEPARATE DEFENSE

**(Management Discretion – All Causes of Action)**

Any and all conduct of which Plaintiff complains or which is attributable to Answering Defendants was a just and proper exercise of management discretion undertaken for fair, honest and lawful reasons.

### FIFTH SEPARATE DEFENSE

**(Waiver – All Causes of Action)**

Each of Plaintiff's claims as set forth in her Complaint is barred to the extent Plaintiff has waived her right(s) to recover, if any.

//

//

//

2

## SIXTH SEPARATE DEFENSE

### (Unclean Hands – All Causes of Action)

Each of Plaintiff's claims as set forth in the Complaint is barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Complaint.

## SEVENTH SEPARATE DEFENSE

### (Good Faith – All Causes of Action)

Defendants and their agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any and all recovery, including but not limited to recovery of penalties, in this action.

## EIGHTH SEPARATE DEFENSE

### (Equitable Estoppel – All Causes of Action)

Answering Defendants allege upon information and belief that Plaintiff is equitably estopped from asserting the claims alleged in her Complaint because Plaintiff has, by her own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of which Plaintiff now complains.

## NINTH SEPARATE DEFENSE

### (Business Necessity– All Causes of Action)

Any and all of the acts alleged to have been performed by Defendants, if performed at all, were justified by legitimate, nondiscriminatory, and non-retaliatory business necessity and were not otherwise unlawful.

## TENTH SEPARATE DEFENSE

### (Privilege/Justification - All Causes of Action)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory business reasons.

3

## ELEVENTH SEPARATE DEFENSE

### (At-Will Employment – All Causes of Action)

Plaintiff's employment with defendant FriendFinder Networks, Inc. was at will, pursuant to California Labor Code §2922, and thus could be terminated by either party at any time with or without cause.

## TWELFTH SEPARATE DEFENSE

### (Presumption Of At-Will Employment – All Causes of Action)

Plaintiff was presumed to be an at-will employee, pursuant to California Labor Code Section 2922.  Plaintiff cannot offer any facts to rebut or overcome this presumption of at-will employment.

## THIRTEENTH SEPARATE DEFENSE

### (Employment Decisions Contrary to Employer's Policies – All Causes of Action)

Plaintiff may not recover punitive damages for allegedly unlawful employment decisions to the extent that those decisions are contrary to policies that Answering Defendants, or either of them, instituted in good faith against wrongful conduct.

## FOURTEENTH SEPARATE DEFENSE

### (After-Acquired Evidence—All Causes of Action)

Plaintiff's claims are barred and/or Plaintiff's damages are limited to the extent that she engaged in misconduct of which Answering Defendants were unaware at the time of her terminations.

## FIFTEENTH SEPARATE DEFENSE

### (*Laches* — All Causes of Action)

Answering Defendants allege that Plaintiff's action should be barred by the doctrine of *laches* because Plaintiff unreasonably delayed bringing her action against Answering Defendants, which has substantially prejudiced Answering Defendants.

//

//

//

4

## SIXTEENTH SEPARATE DEFENSE
### (Preemption by Workers' Compensation— All Causes of Action)

The exclusive remedy for the alleged damages to Plaintiff is provided by the Workers' Compensation Act, California Labor Code section 3200, *et seq.* Additionally, to the extent Plaintiff receives workers' compensation benefits and/or an award attributable to an injury for which they seek compensation here, then such benefits and/or awards should offset, in whole or in part, any award they have received for the same injury.

## SEVENTEENTH SEPARATE DEFENSE
### (Offset— All Causes of Action)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## EIGHTEENTH SEPARATE DEFENSE
### (Failure To Mitigate Damages— All Causes of Action)

To the extent of Plaintiff's failure to mitigate her alleged damages, any damages awarded to Plaintiff should be barred or reduced accordingly.

## NINETEENTH SEPARATE DEFENSE
### (Civ. Code § 3294 Unconstitutional on its Face — All Causes of Action)

California Civil Code section 3294, relating to the imposition of punitive damages, is invalid on its face, or as applied to Defendants in this action, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Articles I and IV of the California Constitution.

## TWENTIETH SEPARATE DEFENSE
### (No Punitive Damages — All Causes of Action)

Defendant is not liable for any alleged exemplary or punitive damages because such damages violate its rights under the United States and California Constitutions, including, but not limited to, its right to due process and against excessive fines. Plaintiff has also failed to allege

5

1   sufficient facts showing "fraud, oppression or malice" as required for recovery of punitive

2   damages. Plaintiff has also failed to allege sufficient facts showing conduct by an "officer,

3   director or managing agent" of Defendant in support of her claim for punitive damages.

4                           **TWENTY-FIRST SEPARATE DEFENSE**

5                           **(Attorneys' Fees— All Causes of Action)**

6           Plaintiff knew or should have known that her claims are without any reasonable basis in

7   law and equity and cannot be supported by a good faith argument for extension, modification or

8   reversal of existing law. As a result of Plaintiff's filing of this lawsuit, Defendants have been

9   required to obtain the services of the undersigned attorneys and have and will continue to incur

10  substantial costs and attorneys' fees in defense of this frivolous case. Defendants are, therefore,

11  entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this

12  action in accordance with the California Code of Civil Procedure Section 128.5.

13                          **TWENTY-SECOND SEPARATE DEFENSE**

14                   **(Conduct Does Not Violate Public Policy—Ninth Cause of Action)**

15          Answering Defendants' conduct did not violate the language or public policy of the State

16  of California, the Constitution of the State of California, or any California statute or regulation,

17  and therefore cannot form the basis for a claim of unfair competition, tortuous interference, or

18  related claims.

19                          **TWENTY-THIRD SEPARATE DEFENSE**

20                  **(Exhaustion Of Administrative Remedies — All Causes of Action)**

21          To the extent Plaintiff has asserted claims that were not raised in a complaint or untimely

22  raised filed with the Department of Fair Employment and Housing or the U.S. Equal

23  Employment Opportunity Commission, Plaintiff failed to exhaust her administrative remedies

24  and such claims are barred.

25          //

26          //

27          //

28

                                            6

## TWENTY-FOURTH SEPARATE DEFENSE

### (Scope of Administrative Charge — All Causes of Action)

Plaintiff's causes of action are barred in whole or in part to the extent the Complaint's allegations do not appear in any timely and proper administrative charge filed by Plaintiff before commencing this lawsuit.

## TWENTY-FIFTH SEPARATE DEFENSE

### (Legitimate Non-Discriminatory Factors—All Causes of Action)

Plaintiff may not obtain any of the relief requested in her Complaint because any adverse employment action(s) taken against her were based on legitimate, non-discriminatory and non-retaliatory factors unrelated to Plaintiff's purported disability, or participation in any alleged protected activity, and were free from unlawful discrimination or retaliation of any kind.

## TWENTY-SIXTH SEPARATE DEFENSE

### (Scope of Authority—All Causes of Action)

Plaintiff's causes of action, in whole or in part, are barred against Defendants to the extent that the actions of Defendants' agents, employees, and representatives, if the actions occurred, were not actions taken with the course and scope of their employment.

## TWENTY-SEVENTH SEPARATE DEFENSE

### (Failure To Take Advantage Of Preventive/Corrective Opportunities—All Causes of Action)

Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred or, alternatively, her relief is limited. *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

//

//

7

## TWENTY-EIGHTH SEPARATE DEFENSE

### (Mixed-Motive; Bar to Monetary Recovery—All Causes of Action)

To the extent Plaintiff demonstrates her protected status was a substantial motivating factor for any challenged employment action, Defendant would have taken the same action absent the substantial motivating factor.  As such, the Court may not award Plaintiff damages, backpay, or order reinstatement.  *Harris v. City of Santa Monica*, 56 Cal. 4th 211 (2013).

## TWENTY-NINTH SEPARATE DEFENSE

### (No Protected Activity—Second, Fourth, and Eighth Causes of Action)

Plaintiff's retaliation claims are precluded as plaintiff has not engaged in any protected activity upon which to base a retaliation claim.

## THIRTIETH SEPARATE DEFENSE

### (Interactive Process / Accommodation – All Causes of Action)

Plaintiff's claims are barred because she failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.  To the extent she did, Defendant engaged in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodation for any physical and or mental disability, and further provided reasonable accommodation.

## THIRTY-FIRST SEPARATE DEFENSE

### (Inability to Perform Essential Functions – All Causes of Action)

Plaintiff's claims based on her purported disability fail to the extent that she could not perform the essential functions of the job, with or without reasonable accommodation.

## THIRTY-SECOND SEPARATE DEFENSE

### (Undue Hardship –All Causes of Action)

Providing Plaintiff a reasonable accommodation that would enable her to perform the essential functions of her position would place an undue hardship upon Defendant.

8

### THIRTY-THIRD SEPARATE DEFENSE

**(No Liquidated Damages -- Third and Fourth Causes of Action)**

Plaintiff is not entitled to liquidated or punitive damages because Defendant made good faith efforts to comply with the FMLA, the ADA, and all applicable anti-discrimination laws.

### THIRTY-FOURTH SEPARATE DEFENSE

**(No Injury–All Causes of Action)**

Plaintiff sustained no injury or damages by reason of any act of Defendant.

### THIRTY-FIFTH SEPARATE DEFENSE

**(Failure to Exhaust Internal Grievance Procedures -- All Causes of Action)**

Plaintiff's claims are barred in whole or in part to the extent she failed to exhaust available internal dispute-resolution procedures before filing the Complaint.

### THIRTY-SIXTH SEPARATE DEFENSE

**(Failure to Comply with FMLA and CFRA Requirements -- First, Second, Third, Fourth and Ninth Causes of Action)**

Plaintiff's FMLA and CFRA claims are barred to the extent she failed to comply with the obligations and requirements of either or both statutes.

### ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### **PRAYER**

WHEREFORE, the Answering Defendants pray for judgment as follows:

1.   That judgment be entered in favor of Answering Defendants and against Plaintiff on all causes of action;

2.   That Plaintiff take nothing by her Complaint, and that this Complaint be dismissed with prejudice;

9

1    3.    That the Court award Answering Defendants their costs of suit and attorneys'

2    fees; and

3    4.    That the Court award Answering Defendants such further relief as the Court may

4    deem just and proper.

5

6

7    DATED: June 27, 2013                    Respectfully submitted,

8                                             SEYFARTH SHAW LLP

9

10                                            By:

11                                                Catherine M. Dacre
                                                  Andrew M. McNaught
12                                                Emily E. Barker

13                                            Attorneys for Defendants
                                              VARIOUS, INC. and
14                                            FRIENDFINDER NETWORKS INC.

15   15774161v.1

16

17

18

19

20

21

22

23

24

25

26

27

28

10

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On June 27, 2013, I served the within document(s):

DEFENDANT VARIOUS, INC.'S AND FRIENDFINDER NETWORKS INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ I sent such document from facsimile machines (415) 397-8549 on June 27, 2013.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Sonya L. Smallets                    Phone: 415-551-0885
Minnis & Smallets LLP                Fax:    415-683-7157
315 Noe St., San Francisco, CA  94114   Email: sonya@minnisandsmallets.com
                                     Attorneys for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2013, at San Francisco, California.

Kathy J. Truesdale

15820158v.1